IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY RYAN GREGG | **FILED UNDER SEAL PURSUANT TO 18 U.S.C. § 3509(d)(2) AND LOCAL RULE 49.1(c)(1)(G)**<br><br>Case No. 25-MJ-335(DJF) |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Tracee Mergen, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the United States Department of Justice, Federal Bureau of Investigation (FBI), and have been so employed for approximately 9 years. I am assigned to the Minneapolis Division and the Public Corruption squad, where my investigative responsibilities include investigation of violations of public corruption violations. I have gained knowledge and experience through training at the FBI Academy, in service training, and everyday work in conducting these types of investigations. I have received training in various areas of law enforcement, including fraud, public corruption, and the execution of search warrants.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by 18 U.S.C §§ 3052 and 3107 to conduct investigations of, and to make arrests for, violations of federal criminal statutes.

## PURPOSE OF AFFIDAVIT

3. I make this affidavit in support of an application for a Criminal Complaint charging TIMOTHY RYAN GREGG (DOB1973[1], hereinafter, Gregg) with Production of Child Pornography, and attempt, in violation of 18 U.S.C. §§ 2251(a) and (e), as follows:

From at least in or around February 2025 through at least on or about May 30, 2025, in the state and District of Minnesota, Gregg attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim 1, year of birth 2007, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, computer files including a 1 minute and 16 second video depicting a minor victim performing oral sex, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce, transported in and affecting interstate and foreign commerce, and was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

4. The facts set forth in this affidavit come from my personal observations, my training and experience, information provided to local law enforcement by Minor Victim 1 and Minor Victim 1's parent, evidence gathered from a review of Minor Victim 1's cell

---

[1] Per local rules and 18 U.S.C. § 3509, I have partially redacted personally identifying information, such as dates of birth, from this affidavit. Unless otherwise noted, this information is known to me and available to the Court.

phone, government records, and information obtained from other law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the contemporaneously filed application, it does not include each and every fact known to me or to other investigators. Unless otherwise noted, oral or written statements documented are related in substance and in part.

**PROBABLE CAUSE**

5. On or about June 2, 2025, FBI Minneapolis received information from the ▮▮▮▮ Police Department. According to that information, on or about May 29, 2025, ▮▮▮▮ Police Department responded to a complaint regarding allegations of criminal sexual conduct. Officers interviewed the father of a 17-year-old individual ("Minor Victim 1") who had discovered multiple sexually explicit images and videos on his child's cell phone of Minor Victim 1 and an older man engaging in sexual activity.

6. The individual in the images and videos was later identified as GREGG. GREGG is a Special Agent with Homeland Security Investigations based in Minnesota. GREGG is presently serving as a Task Force Officer with the Federal Bureau of Investigation. As part of those duties, GREGG is set to participate in the execution of a search warrant with other federal law enforcement officers beginning at approximately 4:30 a.m. on June 3, 2025.

7. On or about May 29, 2025, ▮▮▮▮ Police Department officers interviewed Minor Victim 1's father. Minor Victim 1's father told law enforcement that he looked through Minor Victim 1's phone, which he owns and pays for, and discovered

3

sexually explicit material. Minor Victim 1 currently has a restraining order against her father, but according to him, he received the phone after she left it in a car. According to Minor Victim 1's father, the phone contained text messages with a contact labeled "Labubu." The text message string contained numerous messages and photographs with an older white male (later identified as GREGG) who no one in the family recognized.

8. Minor Victim 1's father observed numerous photographs of the same individual (GREGG) sent to Minor Victim 1 showing an exposed penis. Minor Victim1 also sent photographs of her unclothed buttocks and breast back to the contact "Labubu." There were various photographs that appeared to be at a hotel or motel and contained recorded sexual acts between Minor Victim 1 and GREGG, which were sent from GREGG to Minor Victim 1 over the Apple iPhone Messenger Application. In at least one of these images, Minor Victim 1 was tied up and had her hands tied up behind her back while naked.

9. Officers interviewed Minor Victim 1. Minor Victim 1 told officers that she originally met GREGG on the dating/meet-up app Tinder. Minor Victim 1 told officers that she met up with GREGG multiple times, mostly on Sundays. According to Minor Victim 1, GREGG picked up Minor Victim 1 in his car and drove her to a local hotel, where they had sex. Minor Victim 1 told officers that she believed the sex was consensual, even though she was 17 years old. Minor Victim 1 told officers that GREGG took photographs and videos of their sexual interactions.

10. Officers contacted the local hotel where Minor Victim 1 indicated she went with GREGG. According to hotel employees, GREGG stayed at the hotel on a number of

dates recently, including March 2, 9, 16, and 30, April 6, 20, and 27, and May 18 and 25—all of which were Sundays. GREGG used his official ICE/HS email address to make the hotel reservations. The hotel employees told law enforcement that GREGG always comes and goes alone, but that he could bring a guest into the hotel through the parking ramp.

11. Law enforcement has Minor Victim 1's cell phone. The forensic examination and investigative review of this device is in its early stages and is ongoing. However, an FBI Special Agent reviewed Minor Victim 1's cell phone and observed a series of text messages with the contact "Labubu" containing images and videos depicting a Caucasian male, approximately in his late 40s or early 50s participating in sexually explicit acts with Minor Victim 1, a teenage girl. The phone number for the contact "Labubu" saved in Minor Victim 1's phone is ▮▮▮-3013.

12. While the digital-device examination by FBI is in its early stages, the FBI Special Agent has identified several other media files found on Minor Victim 1's cell phone that depict Gregg engaging in sexually explicit acts with Minor Victim 1. These images and videos appear to show GREGG as he engages in sex acts with Minor Victim 1.

13. Based on a review of Minor Victim 1's text message history and statement to law enforcement, it appears that GREGG recorded the sexually explicit images and videos on his own cell phone and later sent them to Minor Victim 1. From my training and experience, I am aware this likely means those videos were transmitted via the Internet and then stored locally on Minor Victim 1's cell phone.

5

14. Based on that and other facts, I believe the man pictured in the media files described throughout this affidavit to be GREGG, DOB 1973 of Eagan, Minnesota. My review of Minnesota driver license records further substantiates this belief. Those records for GREGG include a headshot of a man who appears to be the same man pictured in the media files described herein.



*Headshot of Gregg from Minnesota Drivers Records*

15. As earlier described, an FBI Special Agent reviewed Minor Victim 1's phone and discovered certain media files sent to Minor Victim 1 by GREGG depicting Minor Victim 1 engaging in sexual acts, including a message on April 21, 2025 containing a 1 minute and 16 second video. In the video, an individual is depicted taking the video, and has his penis exposed, and Minor Victim 1 is performing oral sex. The context of the surrounding messages also include conversation in which GREGG indicated that he partook in sexual activity with Minor Victim 1. In or around April 2025, GREGG sent Minor Victim 1 several additional videos in which Minor Victim 1 is clearly visible performing oral sex on an individual recording the video.

16. In another example, on Sunday, March 30, 2025, based on text message communications between GREGG and Minor Victim 1, GREGG picked up Minor Victim 1 in a car. Later that night, GREGG texted Minor Victim 1 and said, "would you like me to send you the pix and vid's from today." Minor Victim 1 responded, "sure love." GREGG later sent Minor Victim 1 multiple videos and images depicting Minor Victim 1 having sex and performing oral sex with an adult man.

## CONCLUSION

17. Based on the foregoing, I submit there is probable cause as charged in the proposed criminal complaint that Timothy Ryan Gregg, in the District of Minnesota and elsewhere, has violated 18 U.S.C. §§ 2251(a) and (e). Accordingly, I request a warrant issue for the arrest of Timothy Ryan Gregg, that he may be brought before this Court.

Special Agent Tracee Mergen
United States Department of Justice
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me
by reliable electronic means (Zoom and
email) pursuant to Fed. R. Crim. P. 41(d)(3)
on June 2, 2025

THE HONORABLE DULCE J. FOSTER
UNITED STATES MAGISTRATE JUDGE